**DOROTHY LEE HARRELL, and PECOLA MOORE, v. STATE OF FLORIDA.**

34 So. (2nd) 241

February 24, 1948

Rehearing denied March 23, 1948

January Term, 1984

En Banc

W. J. *Ferguson* and *J. B. Hodges,* for appellants.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

TERRELL, J.:

This case grew out of a fracas that was a perfect replica of what often takes place when a flock of negroes congregate at a negro jook where beer and other species of "fire water" are dispensed. One Clyde Roberson, was killed in the fracas. Dorothy Lee Harrell, Pecola and Eli Moore were indicted for murder in the first degree, Pecola and Eli Moore were also indicted as accessories before the fact. At the trial Eli Moore was acquitted and Dorothy Lee Harrell and Pecola Moore were found guilty of manslaughter. They were sentenced to serve six and four years respectively in the State penitentiary, and came here beseeching us to reverse that judgment.

Their essential contention is that the trial court committed error in refusing to permit appellants to prove and argue to the jury that at the time of the homicide, Dorothy Lee Harrell was bloody and that the blood was running down her face. The purpose of this evidence was to show the physical aspect of appellant when Clyde Roberson was killed.

The record discloses that shortly before the homicide Dorothy Lee Harrell engaged in an encounter with the wife of the deceased, in which she was bruised and beat up, but that the deceased was not present and had no part in this brawl. These were the bruises that caused the blood on her face, and since the deceased was not present, and had no connection with the encounter, the trial court refused to let evidence as to appellant's condition resulting from it, go to the jury. It is common knowledge that bruised heads, black eyes and slits to the neck or jaw are the usual product of such affrays.

At the trial the burden of the evidence was directed to the point of who was the agressor in the fracas and whether or not the deceased assaulted the appellant with a knife. The jury resolved this question against appellant and we find

ample evidence to support their conclusion. The weight of the evidence is to the effect that appellant inflicted the deadly wound with a "cutter," an instrument that was introduced into these parts with the turpentine industry and soon displaced the razor and the Winchester as an instrument of defense and offense about the "Quarters."

If the deceased had been present aiding or abetting the affray in which appellant's face was bruised and bloodied, or had been shown to have had any part in it, a different picture might be presented, but the judge who tried the case has an unusually clear understanding of the general behavior of humankind, black and white, and to reverse him in this case would amount to nothing short of substituting our judgment for his, which we are not authorized to do. The degree of the verdict in the light of the whole picture presented admonishes us that the jury knew what they were doing.

The main effort of the defense at the trial was to prove the deceased was attempting to stab appellant when she struck the fatal blow. The jury disposed of this issue when it found against the defendant, so the fact of a fight between defendant and deceased's wife in which the former got beat up and blooded, became immaterial here.

In a case as academic as the facts were in this one, we see no reason to disturb the verdict and judgment.

Affirmed.

THOMAS, C. J., BUFORD, ADAMS, SEBRING and BARNS, JJ., concur.

CHAPMAN, J., dissents.